Barker, Hunt & Co. *vs*. Steamboat Flag.

In Special Term—March 1855.

GHOLSON, J. presiding.

## BARKER, HUNT & Co. *vs*. STEAMBOAT FLAG.

No lien is given by the provisions of the Common Carrier Act, until an actual seizure of the watercraft under a warrant.

If before such seizure, a valid lien has been acquired upon the watercraft in an ordinary judicial proceeding against its owner, it will have priority in right and satisfaction.

GHOLSON, J.

The Steamboat Flag was owned by Tanner. Actions were brought against the steamboat by name, under the Common Carrier Act, in this Court, and before Justices of the Peace, and she was seized under warrants issued in those actions. Actions were brought in this Court against Tanner, and the steamboat was levied on under attachments issued in these actions. An action was brought against Tanner, personally, and he appeared in that action and confessed a judgment, on which an execution was issued and levied on the steamboat. A sale of the boat has been made by the sheriff, who has brought the proceeds into Court for distribution.

The liens, so far as they depend on an actual seizure, are in respect of time as follows : 1. A seizure by warrant against the boat from this Court, in favor of Barker, Hunt & Co. 2. Seizures under different warrants against the boat, issued by Justices of the Peace. 3. Levies under attachments from this Court, in favor of the Cincinnati Ins. Co. and the Merchants' & Man. Ins. Co. 4. Levy under an execution on a judgment by confession, in favor of Johnson, Morton & Co. 5. A seizure by warrant against the boat, from this Court, in favor of Martin Anschutz &

49

Co., and other seizures by warrants from Justices of the Peace.

The proceeds of the sale are not more than sufficient to satisfy those claims included in Nos. 1, 2, 3, and 4, and a priority of satisfaction is claimed on behalf of Martin Anschutz & Co., and other seizures included under No. 5, on the ground that they are so entitled in virtue of the provisions of the Common Carrier Act.

It is claimed, that those who hold demands for which a watercraft is liable under the statute to be sued by name or description, and to be seized under a warrant, cannot be postponed or defeated either by an act of the party, in making a sale or mortgage, or by the acquisition of a lien under the ordinary proceedings at law, against the owners. It is quite clear, that the decisions of the Supreme Court have established the proposition, that the holder of any such demand acquires no *lien* on the watercraft, until an actual seizure under a warrant. Jones *vs.* Steamboat Commerce, 14 *Ohio* 408. And it is difficult to understand how one to whom the law has given no *lien*, can claim a right to defeat and postpone liens, which in clear and direct terms are created by law for the benefit of others. It will be seen, that the lien which arises on the seizure of a watercraft, so far from being retroactive, and more effective than the lien created by the levy of an execution, is assimilated to the lien of a levy, and has been said to give the same advantage and to have a like operation. 14 *Ohio* 412.

The principle on which it has been held, that a private sale of the watercraft by the owner will not defeat the remedy secured by the statute authorizing proceedings against the watercraft itself, very plainly does not apply

to any disposition of the property in the due course of judicial proceedings. It is true, that the judicial sale which was held in the case of Jones *vs.* the Steamboat Commerce, 14 *Ohio* 408, to vest a title clear of any demands before existing under the Common Carrier Act, was a sale in a proceeding brought under that act. But the principle of the decision would equally apply to any other judicial proceeding. The ground was, that the judicial sale was the act of law, and the same ground embraces the present case.

It may be very proper not to allow a special remedy, provided by law, to be defeated by the act of a party, in a private proceeding; and yet it would by no means follow, that the existence of such a legal remedy, so secured from a defeat, should be allowed to prejudice and postpone the ordinary legal remedies of other parties, prosecuted in good faith.

The construction placed on the Common Carrier Act, in the recent case of Thompson *vs.* Steamboat J. D. Morton, 1 *Ohio St. R.* 26–31, would alone show that the claim set up in this case, on behalf of Martin Anschutz & Co., cannot be maintained. It is said in that case to be the object of the law, " to provide a convenient and efficient remedy by subjecting the liability of the boat or vessel itself, and thus avoid the difficulty, which often exists of ascertaining and proceeding against the owner or owners in person." The proceeding is said to be " only a cumulative remedy given by the statute, for the recovery of a claim against the owner himself." In this view, the decision of the question presented to me becomes quite simple. Several parties have claims against Tanner. Some adopt one legal remedy, some another. There has

been a fair race of diligence, for there is no pretence in this case of fraud or unfair dealing against any party. All have obtained legal liens on a steamboat, the property of Tanner, but some by their diligence are prior in point of time, and are therefore entitled to a priority in right and satisfaction.

HENDERSON, for plaintiff.

NIXON, for defendant.